EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------

PHYLLIS HARMON,                                   **14 CV 6562**

                     Plaintiff,

             vs.                            COMPLAINT

                                            Civil Case No.-----------

CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT,
OFFICER BRIAN MARONE, OFFICER
REIDY.
-------------------------------------------------



Plaintiff, Phyllis Harmon, pro se, allege as her complaint against the
defendants follows:

## PARTIES

1. Plaintiff, Phyllis Harmon at all relevant times to the events
   described herein has a residence at 111 Atkinson Street, City of
   Rochester, the County of Monroe and State of New York.

2. Upon information and belief, defendant City of Rochester is and
   was at all relevant times hereinafter mentioned a Municipal
   Corporation within the County of Monroe and State of New York.

3. Upon information and belief, defendant the Rochester Police
   Department, is a department within the City of Rochester, which
   as mentioned is a Municipal Corporation located within the
   County of Monroe and State of New York.

4. Upon information and belief, defendant Officer Brian Marone of
   the Rochester Police Department (hereinafter "B. Marone") is a
   resident of the County of Monroe and State of New York.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. Section 198, 1985 and 1988 and the First, Fourth, Fifth, Eight and Fourteenth Amendment of the United States Constitution.

6. Jurisdiction is founded upon 28 U.S. C. Section 1331 and 1341 (3) and (4) and the aforementio0ned statutory provisions.

7. Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising under New York State Law.

8. A Notice of Claim dated ~~January~~ Feb , 2014 was timely filed with the City of Rochester and the Rochester Police Department, New York pursuant to the New York State General Municipal law on January 2014.

9. More than thirty (30) days have elapsed since the service of the Notice of Claim and there has been no adjustment of payment.

10. This action was commenced within one (1) year and ninety days (90) of the happening of the events herein alleged.

11. No previous Lawsuit and/or administrative relief have been pursued.

## FACTS

12. On or about the 14th day of July, 2013, at approximately 09:23 AM at the premise known as 111 Atkins Street (which is the Plaintiff's legal residence), the

breath and had to be transported to the hospital.

13.      Claimant is an individual with disabilities as defined by New York

State Law and the way these defendants handled the claimant has left

the claimant lame and suffering from a loss of mobility to her shoulder

and arms.

14.      These defendants assaulted the claimant with their hands using

excessive force when they twisted the claimant's arm and used aerosol

mace.

15.      Defendant Brian Marone was assisted by Officer Reidy, and

officer Reidy did nothing to stop the attack.

16.      As a direct consequence of this assault, the claimant suffered

bruises, swelling and pain over her entire body.

17.      As a direct consequences of these circumstances the claimant was

transported to the hospital to be treated for mace being sprayed in her

face and has had follow up appointments with her primary doctor for

the pain that she's having in her shoulder and arms due to this false

arrest.

18.      In addition to the injuries suffered above, the claimant has

suffered from embarrassment and humiliation, and was subjected to criminal arrest and prosecution related to these circumstances. Claimant has no criminal history and these charges has been dropped against the claimant.

19.     As mentioned, at all times during the events described, the assisting officer failed to intervene to stop or prevent the excessive force and physical brutality used against the claimant. All of the above described events was done so without justification or provocation.

20.     As a direct of the intentional, negligent and reckless actions of the City of Rochester, the Rochester Police Department and named defendants, the claimant was injured.

21.     As a direct result of the intentional, negligent and reckless supervision and training of these named defendants the claimant was injured.

22.     This notice is made and served in compliance with the provision of Section 50-e of the General Municipal Law and any other relevant laws.

23.     YOU WILL TAKE FURTHER NOTICE that the named claimant

seeks damages in excess of the jurisdictional limits of all Courts which

would otherwise have jurisdiction.

WHEREFORE, the claimant demands payment of the claims herein

, and unless these claims are paid within a reasonable time it is the intention

of the claimant to commence a suit against the named defendants herein.


DATED:  Rochester, New York

February 11, 2014

Yours,

Pro SE          Phyllis Harmon

111 Atkinson St
Rochester New York
14608
585- 820-3827

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PHYLLIS HARMON,

                    Plaintiff,


          -vs-
                                                    **ANSWER**

                                                    Civil Action No. 14cv6562

CITY OF ROCHESTER, ROCHESTER POLICE
DEPARTMENT, OFFICER BRIAN MARONE, OFFICER
REIDY.


                    Defendants.

---

         Defendants, by its attorneys, T. Andrew Brown, Corporation Counsel and

Spencer L. Ash, Esq., *of counsel*, answer plaintiff's Complaint as follows:

    1.   Denies each and every allegation set forth in the Complaint.


                    AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
                              DEFENDANTS STATE:

    2.   The individual defendants are entitled to immunity from continuation of this

action upon the grounds that they acted in the good-faith belief that their actions

constituted a reasonable exercise of their duties and did not breach or infringe upon the

plaintiff's constitutional rights known by a reasonable person to exist at the time of the

subject incident.

                    AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
                              DEFENDANTS STATE:

    3.   That the official actions of the defendants, jointly and severally, constituted

good faith exercise of discretion and judgment, for which the City of Rochester and its

employees, agents or representatives are immune from common-law liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
### DEFENDANTS STATE:

4.     That the City of Rochester is required to defend, indemnify and hold

harmless its police officers when those police officers are sued for actions taken within

the scope of their employment and, therefore, the City of Rochester is the real party in

interest herein. **However, the action against the City of Rochester has been**

**dismissed and therefore, the claims against the named defendants should be**

**dismissed.**

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
### DEFENDANTS STATE:

5.     Insofar as the actions complained of arose during the arrest of the plaintiff

by police officers acting in an official capacity, that such individuals acting in an official

capacity cannot, as a matter of public policy, be held individually liable for prima facie

tort even if charged with malicious intent.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
### DEFENDANTS STATE:

6.     That the Complaint fails to allege that any of the defendants acted

maliciously, wantonly or in a manner which manifested a gross deviation from the

standard of conduct which a reasonable person would follow and, therefore, the

Complaint has failed to allege facts upon which an award of punitive damages could be

granted as a matter of law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
### DEFENDANTS STATE:

2

7.      That punitive damages cannot be awarded against a municipality or any

individuals whom a municipality is required to indemnify.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS STATE:

8.      That in the event the Complaint is interpreted to state a cause of action

based upon a theory of negligent hiring, education, training and/or supervision, the

Complaint fails to allege sufficient facts to support such allegations and should be

dismissed.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS STATE:

9.      That the City of Rochester did not authorize, condone, permit or ratify any

allegedly improper or malicious conduct on the part of any person or adopt any policy

condoning such conduct.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS STATE:

10.     That all conduct by the City of Rochester, or by its officers, employees,

agents or representatives, was justified under the circumstances herein; was privileged

conduct in the performance of defendants' police function; was supported by probable

cause and by statements of citizens upon whom the police were entitled to rely; was

reasonably necessary to the performance of its duties and was in accordance with the

requirements of law.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
DEFENDANTS STATE:

11.     The force allegedly used did not rise to the level of a constitutional

3

violation.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

12.     That the force, if any, used on the plaintiff was reasonable and necessary under the circumstances, and any injury or damages allegedly suffered by plaintiff was due to and caused by reason of plaintiff's improper acts and conduct.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

13.     That, upon information and belief, at the time and place alleged in the Complaint, plaintiff was committing or attempting to commit a serious illegal act or acts.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

14.     That any arrest or detention of the plaintiff was justified under the circumstances then existing; that any force used in affecting said arrest or detention was justified under the circumstances then existing; that all acts alleged to have been performed by the defendants were performed without any malice contributing thereto.

WHEREFORE, defendants demand judgment dismissing plaintiff's Amended Complaint, together with the costs and disbursements of this action.

DATED:  March 23, 2015                    T. Andrew Brown, Corporation Counsel


                                          By:    /s/Spencer L. Ash
                                                 Spencer L. Ash, Esq., of Counsel

4

*Attorneys for City Defendants*
30 Church Street, Room 400A
Rochester, NY  14614
(585) 428-6699
ashs@cityofrochester.gov

To:   Phyllis Harmon
       111 Atkinson Street
       Rochester, New York 14608

5

EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PHYLLIS HARMON,

                       Plaintiff,


-vs-                                  **DEFENDANTS' RULE 26
RESPONSES**

                                  Civil Action No. 14cv6562

CITY OF ROCHESTER, ROCHESTER POLICE
DEPARTMENT, OFFICER BRIAN MARONE, OFFICER
REIDY.

                       Defendants.

_____

1. The following individuals may have information that the Defendants may use to support
their defenses:

   a.  Brian Marone;
   b.  Joseph Reidy;

     The subject of the information that these individuals may have would be information
about and related to the defenses stated in the answer. Any of the above individuals should
be contacted through the undersigned counsel. This response will be supplemented as further
information becomes available through discovery.

2.     Enclosed with this response are copies of documents that the Defendants may use to
support their claims or defenses.

3.     The City of Rochester is self-insured, and the City is indemnifying and defending all
individually named defendants.

Dated: October 15, 2015               BRIAN F. CURRAN CORPORATION COUNSEL

                                   s/

                              _____
                              BY: Spencer L. Ash, ESQ., of Counsel
                              Attorneys for Defendants City of Rochester
                              and City of Rochester Police Department
                              City Hall Room 400A, 30 Church Street
                              Rochester, New York 14614
                              (585) 428-6699

To:    Phyllis Harmon
       111 Atkinson Street
       Rochester, New York 14608

EXHIBIT D

# ROCHESTER POLICE DEPARTMENT
## INCIDENT REPORT

**2013-00197144**

| Incident Type | Report Date | Report Time | Date From | Time From | Date To | Time To |
|---|---|---|---|---|---|---|
| **17. Public Order Offenses** | 07/14/2013 | 09:12 | 07/14/2013 | 09:12 | 07/14/2013 | 09:15 |

| Incident Address | PSA | Campus Code |
|---|---|---|
| **111 Atkinson ST** | **50** | |

Violent Crime Context

---

| Statute - PL 195.05    AM2 | Attempt/Commit - **Completed** | Counts - 1 |
|---|---|---|

Description - **Obstruct Governmental Administration 2nd**

| Location | | Weapon |
|---|---|---|
| **Construction Site-44** | | |

| Larceny Type | Aggravated Assault Circumstances | Gang Related | Computer |
|---|---|---|---|
| | | **No** | **No** |

| Bias Type | Entry Point | Method of Entry | # of Premises Entered |
|---|---|---|---|
| **No Bias-Not Applicable-77** | | | |

| Statute - PL 205.30    AM0 | Attempt/Commit - **Completed** | Counts - 1 |
|---|---|---|

Description - **Resisting Arrest**

| Location | | Weapon |
|---|---|---|
| **Construction Site-44** | | |

| Larceny Type | Aggravated Assault Circumstances | Gang Related | Computer |
|---|---|---|---|
| | | **No** | **No** |

| Bias Type | Entry Point | Method of Entry | # of Premises Entered |
|---|---|---|---|
| **No Bias-Not Applicable-77** | | | |

---

| Victim Type | Victim Name (Last, First, Middle) |
|---|---|
| **Society Public-S** | **City of Rochester** |

| Address | Date of Birth | Age | Sex | Race | Ethnicity | Residence Status |
|---|---|---|---|---|---|---|
| **185 Exchange BLVD** | | | | | | **Not Applicable** |

| City, State, Zip | Victim/Offender Relationship   (Offender Name, DOB, Relationship) |
|---|---|
| **Rochester, NY 14614** | |

| Telephone | Level of Injury | Type of Injury | Medical Treatment |
|---|---|---|---|
| **(585)428-1110** | **Business - NA** | **Business - NA** | **Business - NA** |

---

R = Reporting Person    W = Witness    PK = Person w/Knowledge    NI = Not Interviewed

| Type | Name (Last, First, Middle) | DOB | Sex | Race | Eth | Address | Telephone No. |
|---|---|---|---|---|---|---|---|
| W | BETNCES, ULYSSES | 03/28/1964 | M | B | N | 528 GENESEE ST Rochester, NY | (585)284-1133 |
| PK | SINGER, VANESSA | 05/31/1957 | F | B | N | 351 CLARISSA ST Rochester, NY | (585)326-5539 |

---

| Type - S | Suspect Name (Last, First, Middle) | | Nickname |
|---|---|---|---|
| **Arrestee** | **HARMON, PHYLLIS** | | |

| Address | Date of Birth | Age | Sex | Race | Ethnicity | MoRIS / JCR # |
|---|---|---|---|---|---|---|
| **111 Atkinson ST Rochester, NY** | **10/16/1958** | **54** | **F** | **B** | **N** | **215377** |

| Height | Weight | Hair Color | Hair Length | Eye Color | Glasses | Complexion | Build | Facial Hair | Gang Affiliation |
|---|---|---|---|---|---|---|---|---|---|
| **5' 7** | **150** | **Black** | | **Brown** | | | | | |

| Clothing, Jewelry, Distinguishing Features | Offender Condition | Scars, Marks, Tattoos |
|---|---|---|
| **BLACK SHIRT, JEANS, HAIR NET** | **Apparently Normal** | |

| Mothers Maiden Name | Place of Birth | School Name / ID # |
|---|---|---|
| | | |

---

Modus Operandi

| | | |
|---|---|---|
| 01. Witness to the offense? | 05. Can a suspect be described? | 09. Is there significant Modus Operandi present? |
| 02. Surveillance footage of event? | 06. Can a suspect be identified? | 10. Is there significant physical evidence present? |
| 03. Can a suspect be named? | 07. Can a suspect vehicle be identified? | 11. Has evidence tech work been performed? |
| 04. Can a suspect be located? | 08. Is stolen property traceable? | 12. Preliminary investigation NOT completed? |

| Case Status | Exceptional Clearance | Assigned Bureau | Review Box |
|---|---|---|---|
| **Cleared by Arrest - Adult** | | **West - Patrol** | **PDW 2nd** |

| Reporting Officer | | IBM # | Date | Reviewed By | |
|---|---|---|---|---|---|
| MARONE | BRIAN | 1788 | 07/14/2013 | sd1310 | DAWLEY, STEPHEN 7/14/2013 12:27 |

Myself and Officer Reidy responded to 111 Atkinson St for the report of a customer trouble between a contractor listed as (W) and the resident of the house the contractor was working on listed as (S). Upon arrival we learned that the house had been deemed unsafe by the City of Rochester due to asbestos and that no one was permitted in the house while it was being worked on. (W) informed us that he went there today to get some of his tools from the house when he encountered (S) who refused to give him his tools from the house. (W) said that (S) should not even be in the house and he pointed to a sign on the porch of the house from the city of Rochester stating that no public access was permitted. (W) informed us he had a key and permission to enter because he is the contractor working on repairs at the house.

(S) was uncooperative. Initially she stated to Officers that the only way (W) could get his tools was if god granted him permission. After stating this (S) marched away from the area. At this point (W) showed us a contract which stated he was doing work on the house and had been given permission to be at the location to work on it. (W) had a key and we stood on the front porch while he collected his tools. During this (S) came back and walked quickly towards officers stating that she was going to call the police. She attempted to walk right past us into the house. Feeling that a confrontation was going to occur between (S) and the contractor (W) I told (S) to stop and hold up for a minute. (S) continued to walk towards me and she then punched me in the chest area with her hand and forearm. I informed her she was under arrest and she was taken into custody with incident (see SRR). (S) complained of asthma. Sgt Dawley responded and (S) was transported to Strong hospital by Rural metro rig 9099. (S) was very irate. Her sister Vanessa Singer (PK) showed up and assisted by calming (S) down. (PK) informed us that (S) had mental problems.

Negative 29 check. I issued (S) appearance ticket 208762 for July 18th, 2013 at 0930 hours once we arrived at the hospital and (S) was checked in by charge nurse Tammy Cullen.

Closed by arrest.

| Reporting Officer | | IBM # | Date | Reviewed By |
|---|---|---|---|---|
| MARONE | BRIAN | 1788 | 07/14/2013 | sd1310|DAWLEY, STEPHEN J|7/14/2013|12:27 |

EXHIBIT E

STATE OF NEW YORK
COUNTY OF MONROE
ROCHESTER CITY COURT

**Rochester Police Department**
**Supporting Deposition**
**RPD 1270**

CR# 13-197144

PAGE 1 OF 1

IN THE MATTER OF DEFENDANTS/RESPONDENTS LISTED BELOW:

1. Harmon, Phyllis
   DEFENDANT'S/RESPONDENT'S NAME

   111 Atkinson St.
   DEFENDANT'S/RESPONDENT'S ADDRESS

2. _____
   DEFENDANT'S/RESPONDENT'S NAME

   _____
   DEFENDANT'S/RESPONDENT'S ADDRESS

3. _____
   DEFENDANT'S/RESPONDENT'S NAME

   _____
   DEFENDANT'S/RESPONDENT'S ADDRESS

CHARGED WITH ALLEGED OFFENSES, TO WIT:

Betries, Ulysses
DEPONENT'S NAME

3128164
DATE OF BIRTH

528 Genesee St. Rochester NY   585-284-1133
DEPONENT'S ADDRESS AND PHONE NUMBER

DEPONENT DEPOSES AND SAYS:

My name Ulysses Betries. I am 50 years old, and I live at 528 Genesee st. On 7/14/13 at 9:16am I called the police to 111 Atkinson st in the city of Rochester. I called to retrieve property from the property, and was having issues with the homeowner phyllis harmon. I am a General Contractor doing work at the location and I needed my tools from the location. The house is not suppose to be occupied while work is being done. The police arrived and she came out of the home, did not cooperate, told the police only god can release the tools. phyllis then left the house and walked down the street. I entered the house with my keys, as I have full permission to be in the premises. The police escorted me in, and as I was getting my things, phyllis came back on the premises. An officer told her to hold up, she said Nobody can tell me not to go into my house. The officer stepped in front of phyllis. phyllis then swung her fist at the officer. Both officers then grabbed phyllis, and the taller one pepper sprayed her. Both officers then took phyllis to the ground, handcuffed her, and put her in the back of the police cab.

NOTICE: FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE NEW YORK STATE PENAL LAW.

_____        7/14/13
DEPONENT'S SIGNATURE              DATE

ofc _____ #2329      7/14/13
WITNESS SIGNATURE      DATE

RPD 1270

REV. 02/03

EXHIBIT F

Page 1 of 2 1

**SUBJECT**

| 1. LAST NAME<br>Harmon | FIRST<br>Phyllis | | M.I. | 2. DATE<br>7/14/13 | 3. TIME<br>0923 | 4. CR #<br>13-197144 | |
|---|---|---|---|---|---|---|---|
| 5. DOB<br>10/16/58 | 6. SEX<br>Female | 7. RACE<br>Black | 8. HEIGHT<br>5'6 | 9. WEIGHT<br>150 | 10. INCIDENT LOCATION<br>111 Atkinson St | | PSA<br>50 |

11. ARREST? ☐ NO – release approved by:
☒ YES – charges. OGA 2nd. Resisting Arrest

**12. SUBJECTS ACTIONS**

Subject resisted by (check all that apply and explain in narrative)

☒ **Verbal Resistance** (Failing to adhere to verbal commands)

☐ **Passive Resistance** (dead weight)

☒ **Active Resistance** (pulling away, striking or attempt assault)

☐ **Armed Resistance** (uses or attempts to use a weapon or dangerous instrument)

**13. TACTIC EFFECTIVENESS**

Check the appropriate box indicating whether the tactic was used, if the tactic was used write the number (1,2,3...) indicating what order the tactics were used in column one (1). In column two (2) write E, for *Effective*, ME, for *Moderately Effective* and NE, for *Not Effective*.

| | Order | Effectiveness | | Order | Effectiveness |
|---|---|---|---|---|---|
| ☒ Verbal | 1 | NE | ☐ Forward Spin | | |
| ☐ Mandibular Angle | | | ☐ Shin Sheer | | |
| ☐ Hypoglossal Nerve | | | ☒ Arm Lock | 2 | ME |
| ☐ Jugular Notch | | | ☐ Front Jab w/Baton | | |
| ☐ Clavical Notch | | | ☐ Rear Jab w/ Baton | | |
| ☐ Brachial Stun | | | ☐ Flat Chop | | |
| ☐ Suprascapular Stun | | | ☐ Upper Chop | | |
| ☐ Jab | | | ☐ Forward Spin | | |
| ☐ Front Kick | | | ☐ Reverse Spin | | |
| ☐ Straight Punch | | | ☐ Inside Spin | | |
| ☐ Angle Kick | | | ☐ Power Spin | | |
| ☐ Forearm Strike | | | | | |
| ☐ Knee Strike | | | ☐ OC | | |
| ☐ Defensive Wedge | | | ☐ Taser | | |
| ☐ Hooking Technique | | | ☐ Bean Bag | | |
| ☒ Ground Stabilization (ie. 3-Point Landing, joint manipulation) | 3 | E | ☐ Hand Gun | | |
| | | | ☐ Long Gun | | |
| | | | ☐ Other: | | |
| | | | ☐ Other: | | |

**14. Narrative** (*If officer is in plainclothes, describe own clothing. If tactic(s) used on subject were ineffective, explain reason(s) why.*)

At the listed date/time, Myself and Off. Marone were dispatched to listed location for a property dispute. I was in full police uniform driving a marked Rochester Police Cruiser. When I arrived I spoke with Ulysses Betnces, who stated he is contractor working on the property. Ulysses stated he had tools inside of the location that he needed to retrieve and that (S) Phyllis Harmon would not let him in the house. Ulysses had permission to enter the location and had a set of keys to get in. I spoke with Phyllis who stated no one could enter the house until the inspector comes on Tuesday 07/16/13. (S) then told me the only way Ulysses would get his tools back is if God himself lets him in. (S) then walked away and proceeded East Bound down Atkinson St towards Clarissa St. Ulysses entered the location using his keys and proceeded to remove his tools from the location. (S) returned to the location and I told her to stay back which was not effective. (S) ignored my commands to stay back and proceeded to walk towards the front door where Off. Marone was standing. I heard Off. Marone give commands to (S) to stay back to which (S) raised her right hand and struck Off. Marone in the chest. I immediately approached (S) on the left side of her body, grabbed her left arm and pulled her away. I performed a left side arm lock on (S) as trained and placed her left wrist in a compression lock as trained to which was moderately effective. (S) continued to try to pull away while Off. Marone gave commands to (S) that he was going to Pepper Spray her which she ignored. Off. Marone did Pepper Spray (S) (See Off. Marones SRR) which was effective. Once on the ground, I assisted in Ground Stabilizing (S) by performing a compression lock on (S)'s left wrist as trained while Off. Marone placed (S) in handcuffs. I then assisted in escorting (S) to Off. Marone's marked Police Cruiser. I then took a depo from Ulysses Betnces who witnessed the entire incident.

| Officer: ☐ Primary Officer   ☒ Assisting Officer   Name: Off. J Reidy | ID# 2329 |
|---|---|

2013-0689

## SUBJECT

Page 1 of 3

| 1. LAST NAME Harmon | FIRST Phyllis | | M.I. | 2. DATE 7/14/13 | 3. TIME 0923 | 4. CR # 13-197144 | |
|---|---|---|---|---|---|---|---|

| 5. DOB 10/16/58 | 6. SEX Female | 7. RACE Black | 8. HEIGHT 5'6" | 9. WEIGHT 150 | 10. INCIDENT LOCATION 111 Atkinson St | PSA 50 |
|---|---|---|---|---|---|---|

**11. ARREST?** ☐ NO – release approved by:
☒ YES – charges: Obstructing Governmental Administration 2nd, Resisting Arrest

| 12. SUBJECTS ACTIONS | 13. TACTIC EFFECTIVENESS |
|---|---|

**12. SUBJECTS ACTIONS**

Subject resisted by (check all that apply and explain in narrative)

**13. TACTIC EFFECTIVENESS**

Check the appropriate box indicating whether the tactic was used, if the tactic was used write the number (1,2,3...) indicating what order the tactics were used in column one (1); in column two (2) write E, for *Effective*, ME, for *Moderately Effective* and NE, for *Not Effective*.

| | | Order | Effectiveness | | | Order | Effectiveness |
|---|---|---|---|---|---|---|---|
| ☒ **Verbal Resistance** (Failing to adhere to verbal commands) | ☒ Verbal | 1 | NE | ☐ Forward Spin | | | |
| | ☐ Mandibular Angle | | | ☐ Shin Sheer | | | |
| | ☐ Hypoglossal Nerve | | | ☐ Arm Lock | | | |
| | ☐ Jugular Notch | | | ☐ Front Jab w/Baton | | | |
| | ☐ Clavical Notch | | | ☐ Rear Jab w/ Baton | | | |
| | ☐ Brachial Stun | | | ☐ Flat Chop | | | |
| ☐ **Passive Resistance** (dead weight) | ☐ Suprascapular Stun | | | ☐ Upper Chop | | | |
| | ☐ Jab | | | ☐ Forward Spin | | | |
| | ☐ Front Kick | | | ☐ Reverse Spin | | | |
| | ☐ Straight Punch | | | ☐ Inside Spin | | | |
| ☒ **Active Resistance** (pulling away, striking or attempt assault) | ☐ Angle Kick | | | ☐ Power Spin | | | |
| | ☐ Forearm Strike | | | | | | |
| | ☐ Knee Strike | | | ☒ OC | 2 | E | |
| | ☐ Defensive Wedge | | | ☐ Taser | | | |
| | ☒ Hooking Technique | 3 | E | ☐ Bean Bag | | | |
| ☐ **Armed Resistance** (uses or attempts to use a weapon or dangerous instrument) | ☒ Ground Stabilization (ie. 3-Point Landing, joint manipulation) | 4 | E | ☐ Hand Gun | | | |
| | | | | ☐ Long Gun | | | |
| | | | | ☐ Other: | | | |
| | | | | ☐ Other: | | | |

**14. Narrative** (*If officer is in plainclothes, describe own clothing. If tactic(s) used on subject were ineffective, explain reason(s) why.*)

Myself and Officer Reidy responded to 111 Atkinson St for a customer trouble between (S) and a contractor named Ulysses Betnces. Ulysses Betnces was the complainant. He called police because (S) was at 111 Atkinson St and refused to allow him to obtain his tools from the location. (S) was the owner of the house but the City of Rochester had deemed it unsafe for anyone to be in except the contractor because of asbestos. Ulysses had a key to the location and a contract to be working on it. (S) initially told Officers the only way Ulysses could get his keys was if God himself let him. (S) seemed to have some mental problems. (S) then stormed away from the location on foot towards Clarissa St. Ulysses had a key and a contract so we stood on the porch while he went inside and obtained his tools that he needed. While this was occuring (S) came back to the house and stormed up onto the porch walking towards Officers. Sensing a confrontation between (S) and the contactor I verbally told (S) to stop and hold up a minute. (S) continued to walk towards me and I placed my hand up in front of her trying to stop her. She brushed my hand aside and hit me with her right hand and forearm area into my chest. I verbally told her she was under arrest. As I tried to grasp her right arm to place cuffs on her she pulled away from me. I utilized my department issued OC and sprayed (S) as trained in the facial area. This was effective causing (S) to remain still breifly. I commanded her to put her hands behind her back but as I grasped her right arm she continued to pull away. I utilized a hooking technique as trained and pulled (S) down to the ground of the front porch. (S) was now face down on the front porch. I transitioned to a two point landing on (S)'s right side and was able to handcuff her. I then assisted her to her feet as trained and transported her from a right sided escort position to my patrol vehicle. (S) complained of Asthma. Continued on Addendum.

| Officer: ☒ Primary Officer   ☐ Assisting Officer   Name: Brian Marone | ID# 1788 |
|---|---|



| 1. A CONTINUATION OF A (N)   SRR | | 2. CR# 13  - 197144 | | |
|---|---|---|---|---|
| 3. VICTIM'S NAME (LAST, FIRST, MIDDLE) OR FIRM NAME IF BUSINESS | 4. OFFENSE/INCIDENT ADDRESS | 5. PSA | 5. DOW | DATE OF INCIDENT |
| Subject - Harmon, Phyllis | 111 Atkinson St | 50 | Sun. | 07 / 14 / 13 |

**PAGE 2 OF 3**

**BLOCK NO.** **7. INDICATE BLOCK LETTER OR NUMBER IN LEFT MARGIN**

Rural Metro responded as well as Sgt. Dawley. (S)'s sister also showed up to the scene. Her sister's name was Vanessa Singer of 351 Clarissa St. P#325-5539. She informed me that (S) has some mental issues and that is likely why she behaved the way she did. Vanessa Singer was able to calm (S) down. (S) was transported to Strong hospital due to her complainant of asthma. Upon arrival the charge nurse named Tammy Cullen admitted (S) to the psychiatric area of the hospital due to her mental health history. (S) was not injured. (S) was appearance ticket eligible so I issued her an appearance ticket at the hospital.

**ADDENDUM REPORT**

**ROCHESTER POLICE DEPARTMENT**

| 8. REPORTING OFFICER    ID# | 9. SUPERVISOR    ID# |
|---|---|
| Brian Marone    1788 | Sgt. S.D.    1310 |

10. XC TO

Page 3 of 3

| 15. Name | ID # | Height | Weight | Division | Pltn | Uniform | Injured/Treated | Cover Page |
|---|---|---|---|---|---|---|---|---|
| PRIMARY: Brian Marone | 1788 | 6'2" | 185 | West | 2nd | Yes | No | Yes |
| Joseph Reidy | 2329 | 5'5" | 155 | West | 2nd | Yes | No | Yes |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**WITNESSES** – Conduct a neighborhood check and indicate with code: W – Witness/Deposed, NI – Not Interviewed, NO – Interviewed/No Information,  WR – Witness/Refused Deposition.

| 16. NAME | ADDRESS | DAY PHONE | EVENING PHONE | WITNESS CODE |
|---|---|---|---|---|
| Ulysses Betnces | 528 Genesee St | 284-1123 | 284-1123 | W |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**MEDICAL**                                        *Attach and fax a copy of all depos to PSS and PDS*

17. Condition of subject: ☒ Sober  ☐ Alcohol Influence  ☐ Intoxicated (alcohol)  ☐ Drugs

18. Subject injured prior to incident: ☒ No  ☐ Yes, describe

19. Subject injured during incident: ☒ No  ☐ Yes, describe:

20. If subject was exposed to O.C., was subject treated  ☐ No  ☒ Yes  ☒ At hospital  ☐ PSB eyewash station

21. Hospitalization:  ☐ No – Reason:
☒ Yes – Transport via  ☐ RPD vehicle #  ☒ Ambulance Co./Veh # 9099  ☐ Other

22. Hospital Strong:                    23. Attending medical professional: Tammy Cullen (Charge Nurse)

24. Subject: ☒ Admitted  ☐ Treated and Released  ☐ No Treatment  ☐ Refused   25. Time of treatment/refusal: 0

26. Witness to refusal: N/A

27. Technician work performed: ☐ No – Reason:
☒ Yes by: Brian Marone    ☒ Photos  ☐ Diagram  ☐ Other:

Photos of: ☒ Member(s) N/A    ☒ Subject  ☐ Other:

28. Reports completed: ☒ Crime    ☐ Incident    ☐ Investigative action
(DO NOT ATTACH) ☒ Prisoner data  ☐ Addendum(s)  ☒ Technicians report
☒ Other DEPO    ☐ CR #'s:

29. Commanding Officer at scene: Sgt Dawley          Rank: **Sergeant**          Division: **West**

## ADMINISTRATIVE REVIEW

30. Reviewing Supervisor: [signature] #1310    Date: 07/15/2013

31. Platoon Commanding Officer: [signature] #62    Date: 7/15/13

EXHIBIT G



**Use of Force Matrix**

**Level One**
Command
Presence
(Yes Person)
Effective
Communication
Relative
Positioning
Stances
Speedcuffing "Yes"
People

**Level Two**
Persuasive
Compliance
(Maybe Person)
Blanket
Escort
O.C. Aerosol

Pressure Points
(Distraction/
Displacement)
Jugular Notch
Clavicle Notch
Infra-Orbital
Hypoglossal

Plain Compliance
Mandibular Angle
Infra-Orbital

Wristlocks/Armlocks
Empty Hand
Impact Instruments
To "Decentralization"

**Level Three**
Hard Reactionary
Techniques
Blocking

Displacement/
Reactionary
Common Peroneal
Tibial
Femoral

Stunning
Brachial
Suprascapular
Vertical/Horizontal
Stun

Personal Weapons
Punch
Kick
Forearms
Knees

Impact Instruments
(below clavicle)
to
"Decentralization"
Speedcuffing
Groundcuffing

**Level Four**
Deadly Physical
Force

Impact Instrument
(above clavicle)

Firearms

To
"Decentralization"
Speedcuffing/
Groundcuffing

Neck Restraints   Weapon Retention/Disarming   Escapes   Sustained Momentum Tactics   Ground fighting

"Control is a perception based on training and experience"

EXHIBIT H

Page 3 of 3

| 15. Name | ID # | Height | Weight | Division | Pltn | Uniform | Injured/Treated | Cover Page |
|---|---|---|---|---|---|---|---|---|
| PRIMARY: Brian Marone | 1788 | 6'2" | 185 | West | 2nd | Yes | No | Yes |
| Joseph Reidy | 2329 | 5'5" | 155 | West | 2nd | Yes | No | Yes |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**WITNESSES – Conduct a neighborhood check and indicate with code: W – Witness/Deposed, NI – Not Interviewed, NO – Interviewed/No Information, WR – Witness/Refused Deposition.**

| 16. NAME | ADDRESS | DAY PHONE | EVENING PHONE | WITNESS CODE |
|---|---|---|---|---|
| Ulysses Betances | 528 Genesee St | 284-1123 | 284-1123 | W |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## MEDICAL

*Attach and forward a copy of all depos to PSS and PDS*

17. Condition of subject: ☒ Sober   ☐ Alcohol Influence   ☐ Intoxicated (alcohol)   ☐ Drugs

18. Subject injured prior to incident: ☒ No   ☐ Yes, describe:

19. Subject injured during incident: ☒ No   ☐ Yes, describe:

20. If subject was exposed to O.C. was subject treated   ☐ No   ☒ Yes   ☒ At hospital   ☐ PSB eyewash station

21. Hospitalization   ☐ No – Reason:
☒ Yes – Transport via   ☐ RPD vehicle #   ☒ Ambulance Co./Veh # 9099   ☐ Other

22. Hospital: Strong   23. Attending medical professional: Tammy Cullen (Charge Nurse)

24. Subject ☒ Admitted   ☐ Treated and Released   ☐ No Treatment   ☐ Refused   25. Time of treatment/refusal: 0

26. Witness to refusal: N/A

27. Technician work performed: ☐ No – Reason:
☒ Yes by: Brian Marone   ☒ Photos   ☐ Diagram   ☐ Other

Photos of: ☒ Member(s) N/A   ☒ Subject   ☐ Other:

28. Reports completed   ☒ Crime   ☐ Incident   ☒ Investigative action
(DO NOT ATTACH)   ☒ Prisoner data   ☐ Addendum(s)   ☒ Technicians report
☒ Other DEPO   ☐ CR #'s:

29. Commanding Officer at scene: Sgt Dawley   Rank: **Sergeant**   Division: **West**

### ADMINISTRATIVE REVIEW

30. Reviewing Supervisor: _Sgt Sty_ #1310   Date: 07/15/2013

31. Platoon Commanding Officer: _____ #662   Date: 7/15/13