UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PHYLLIS HARMON,

                            Plaintiff,

-vs-                                                                                    MEMORANDUM OF LAW

                                                                                       Civil Action No. 14cv6562

CITY OF ROCHESTER, ROCHESTER POLICE
DEPARTMENT, OFFICER BRIAN MARONE, OFFICER
REIDY.

                            Defendants.

---

       Defendants, City of Rochester and Rochester Police Department, ("Defendants"), by their attorneys Brian F. Curran, Corporation Counsel, Spencer L. Ash, Esq., *of Counsel*, respectfully submit this Memorandum of Law in Support of Defendants' Motion for Summary Judgment.

       Plaintiff attacked a Rochester Police Department Officer who was attempting to assist Ulysses Betnces, a contractor working for the Plaintiff at her home. Prior to police contact, Plaintiff became unsatisfied with Mr. Betnces work and attempted to illegally employ self-help by withholding his tools and equipment within her home. When officers arrived, Mr. Betnces displayed a work contract between himself and the Plaintiff, as well as a set of keys to the house provided by the Plaintiff pursuant to the aforesaid work contract. As officers escorted Mr. Betnces into the home to retrieve his tools, Plaintiff rushed toward the doorway, pushed officer Marone and punched him. She was told that she was under arrest, actively resisted, and was taken into custody with trained, low-level force techniques.

I. **THE ROCHESTER POLICE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY.**

The material facts of the lawsuit are not in dispute. In numerous cases, the Second Circuit has held "...once disputed factual issues are resolved, the application of qualified immunity is...ultimately a question of law for the court to decide." *Finnegan v. Fountain*, 915 F.2d 817, 821 (2d Cir. 1990). The officers enjoy qualified immunity because at the time of the challenged action, it was objectively reasonable for them to believe their behavior did not violate the plaintiff's clearly established rights. *Anderson v. Creighton*, 483 U.S.635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). To establish qualified immunity, the Defendants must demonstrate either that their conduct did not violate any of the plaintiff's clearly established rights that would have been known to a reasonable person, or that it was objectively reasonable for them to believe that their actions did not violate any of those clearly established rights. *Anderson, supra, Malley v. Briggs, 475 U.S. 335; Robison v. Via*, 821 F.2d.913 (2d Cir.1987). Even if the plaintiff's rights were clearly established at the time of the alleged violation, the Defendants may nonetheless enjoy qualified immunity if it was objectively reasonable for them to believe that their actions did not violate those rights. *Robison v. Via*, 821 F.2d 921 (2d Cir.1987).

Officers may avail themselves of qualified immunity if officers of reasonable competence could disagree on the legality of an arrest. The actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances. *Malley, supra,*. As stated in *Lennon, supra*, quoting *Halperin v. Kissinger*,807 F.2d 180, 189 (D.C. Cir.1986):

> ...a defendant is entitled to summary judgment on qualified immunity grounds when no reasonable jury, looking at the evidence in the light most favorable to and drawing all inferences most favorable to the plaintiff, could conclude that it was objectively unreasonable for the defendant to believe that he was acting in a fashion that did not clearly violate an established federally protected right.

In the present matter, plaintiff's arrest following her assault id clearly lawful and not objectively unreasonable. Moreover, the amount of force utilized by officers was well within the use of force matrix and did not proceed beyond what was required to place the Plaintiff into custody. The amount of force utilized to affect the arrest in this matter is independently verified by the deposition of Ulysses Betnces.

Accordingly, the City Defendants are shielded from liability under the doctrine of qualified immunity.

## II. **PLAINTIFF HAS FAILED TO ESTABLISH MUNICIPAL LIABILITY.**

Plaintiff has named both the City of Rochester and the Rochester Police Department as parties. However, Plaintiff fails to state a claim for municipal liability. Liability on such claims typically arises only where an employee has engaged in conduct outside the scope of his employment, such that the employer could not otherwise be held vicariously liable, and liability is instead premised upon the employer's failure to act on a known risk concerning conduct outside of an employee's duties. *Nieves v. City of Rochester*, 2011 U.S. Dist. LEXIS 24594 (W.D.N.Y 2011) citing *Marotta v. Palm Mgmt. Corp.*, 2009 U.S. Dist. LEXIS 15476 at *11-*12 (S.D.N.Y. 2009). The Plaintiff has produced no evidence that the City of Rochester ignored a known risk to her or engaged in unconstitutional policies or practices.

Additionally, it is well settled that under New York law, departments that are mere arms of a municipality are not independently subject to suit, apart from the municipality. *Santiago v. City of New York*, 2008 U.S. Dist. LEXIS 56205 at 6 (S.D.N.Y. 2008); *S.W. by J.W.. v. Warren*, 528 F. Supp. 2d 282, 302 (S.D.N.Y. 2007). Accordingly, not only has Plaintiff not established culpability by the individual Officers, but has failed to establish any facts demonstrating negligent training, hiring, supervision or retention. The Officers were not acting outside the scope of their employment. Furthermore, there is no evidence in the record that the Officers were a known risk to Plaintiff.

Accordingly, this cause of action should be dismissed with prejudice.

### III. THERE IS NO COMPETENT EVIDENCE OF FALSE ARREST /IMPRISONMENT AGAINST THE CITY DEFENDANTS.

Plaintiff's claims for false arrest and false imprisonment are governed by New York tort law and have substantially the same elements. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). To the extent that plaintiff alleges both false arrest and false imprisonment, they are considered synonymous causes of action. *See Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991). "False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir.) (Glasser, J., dissenting). The elements of false arrest/imprisonment are:

1) that defendant intended to confine plaintiff;
2) that plaintiff was conscious of her confinement;
3) that plaintiff did not consent to her confinement; and
4) that the confinement was not otherwise privileged.

*See Shain v. Ellison*, 273 F. 3d 56, 67 (2d Cir. 2001); *Broughton v. State*, 37 N.Y.2d 451, 456 (1975). These element are not satisfied in the current case. More precisely, the fourth element requires the confinement to be unprivileged. If probable cause is established, it bars plaintiff's claims because the confinement was privileged. *Broughton*, 37 N.Y.2d at 458.

For reasons already articulated, the arrest was privileged and this cause of action should be dismissed with prejudice.

### CONCLUSION

**WHEREFORE**, it is respectfully requested that City Defendants' motion for summary judgment be granted, together with such other and further relief as the Court deems just and proper, including awarding to the City Defendants the costs and disbursements of this proceeding.

Dated: April 29, 2016

BRIAN F. CURRAN CORPORATION COUNSEL

/s/  Spencer L. Ash

BY: Spencer L. Ash, ESQ., of Counsel
Attorneys for Defendants City of Rochester
and City of Rochester Police Department
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-6699

To:   Phyllis Harmon
      111 Atkinson Street
      Rochester, New York 14608