UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHYLLIS HARMON,

                         Plaintiff,

                                                    DECISION AND ORDER

                                                    14-CV-6562L

            v.

CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT,
OFFICER BRIAN MARONE,
OFFICER REIDY,

                         Defendants.
_____

## **INTRODUCTION**

Plaintiff Phyllis Harmon ("Harmon"), proceeding *pro se*, brings this action against defendants the City of Rochester (the "City"), the Rochester Police Department ("RPD"), and RPD officers Brian Marone ("Marone") and Joseph Reidy ("Reidy") (collectively "defendants"), pursuant to 42 U.S.C. §1983. Plaintiff alleges that the individual defendants, who are RPD employees, falsely arrested her and used excessive force during the arrest.

The pertinent facts are largely undisputed, and defendants now move for summary judgment pursuant to Fed. R. Civ. Proc. 56 to dismiss plaintiff's claims, on the grounds that the officers had probable cause to arrest the plaintiff, and also that they are entitled to qualified

immunity.[1]   For the reasons set forth below, the defendants' motion to dismiss (Dkt. #17) is

granted in part and denied in part.

## DISCUSSION

### I.      Summary Judgment

Summary judgment is granted if the record demonstrates that "there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"When the moving party has carried its burden under Rule 56(c), its opponent must do

more than simply show that there is some metaphysical doubt as to the material facts. . . . Where

the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no 'genuine issue for trial.'"  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586-587 (1986).

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court

must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they

suggest."  *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999).  Nevertheless,

"proceeding *pro se* does not otherwise relieve [an opposing party] from the usual requirements of

summary judgment."  *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist. LEXIS 25166 at *5

(S.D.N.Y. 2003).  Those requirements include the obligation not to rest upon mere conclusory

allegations or denials, but to set forth "concrete particulars" showing that a trial is needed.  *R.G.*

*Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984).

---

1 Defendants interpret plaintiff's Amended Complaint (Dkt. #4) as asserting claims for false arrest and excessive force/failure to protect.  To the extent that the Amended Complaint might be fairly read to state a claim for unlawful entry, the Court would not dismiss it in its entirety in any event, as defendants have not moved for summary judgment on that claim.  *See e.g.*, Amended Complaint, Dkt. #4 at ¶7, ¶14 ("defendants… illegally entered claimant's home"); ¶12, ¶19 ("defendants invaded the privacy of claimant's home").

## FACTUAL BACKGROUND

Familiarity with the underlying facts, summarized here, is presumed.

On July 14, 2013, plaintiff was charged with resisting arrest and obstruction of governmental administration.  Plaintiff's arrest occurred after Officers Marone and Reidy were summoned to plaintiff's residence by a contractor, who presented them with a copy of a work contract to perform renovations inside Ms. Harmon's home and a key to the house, and explained that plaintiff was preventing him from retrieving his tools and equipment from the house due to a dispute over his work.  After a brief verbal exchange with the officers in which plaintiff told them words to the effect that the only way the contractor would gain entry was if "God himself" let him in, plaintiff walked away from the residence.  When the officers attempted to permit the contractor to enter the home, plaintiff returned and approached the officers, ignoring commands to stop, and struck, or attempted to strike, Officer Marone on the chest. (Officers Marone and Reidy, Dkt. #17-2 at Exhs. D and F, describe plaintiff as having punched Marone in the chest.  A contemporaneous written statement from the contractor to the police, Dkt. #17-2 at Exh. E, describes plaintiff as having "swung her fist" at one of the officers.) Officer Marone told plaintiff she was under arrest and attempted to take her arm, but plaintiff allegedly attempted to pull away, and continued to struggle despite warnings that if she did not desist, pepper spray would be used.  According to the defendant officers, plaintiff continued to scuffle and was sprayed in the face with pepper spray by Officer Marone.  Plaintiff was ultimately taken to the ground with one officer on each side of her performing a hold, after which she was handcuffed.  When plaintiff complained of asthma symptoms, she was transported by ambulance to Strong Memorial Hospital.

**<u>DISCUSSION</u>**

**I.      False Arrest**

In order to maintain her claims under Section 1983, plaintiff must show that the defendants violated her Constitutional or federal statutory rights – here, her Fourth Amendment right to be free from unreasonable seizures – and that defendants did so while acting under color of state law.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  To establish a claim of false arrest, a plaintiff must prove that the underlying arrest lacked probable cause.  *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  As such, the existence of probable cause operates as "a complete defense to [a civil rights action arising from an arrest]," whether brought under state law or Section 1983.  *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994).

"[T]he standard for establishing probable cause is not a particularly stringent one.  It does not require proof of a suspect's guilt beyond a reasonable doubt.  Instead, probable cause to arrest exists when the known facts are 'sufficient to warrant a person of reasonable caution in the *belief* that the person to be arrested has committed or is committing a crime."  *Donovan v. Briggs*, 250 F. Supp. 2d 242 at 253 (W.D.N.Y. 2003) (quoting *Jocks v. Tavernier*, 316 F.3d 128 at 135 (2d Cir. 2003)) (emphasis in original).

Here, it is clear that the conduct in which plaintiff engaged – ignoring and verbally refusing the defendant officers' orders to stay back while they supervised the contractor's retrieval of his tools and equipment, striking an officer, and physically resisting efforts to take her into custody thereafter – provided probable cause for her arrest.

Plaintiff does not deny that she engaged in the bulk of the conduct defendants describe by refusing to stay back from the house while they attempted to assist the contractor, and contends only that they should not have entered her property in the first place, because their grasp of the

4

situation, and their conclusions concerning the validity of the contractor's work contract, were factually and legally erroneous.  This factual issue is raised only via unsworn statements, but even if it was submitted in admissible form and duly considered by the Court, it is not germane to the probable cause determination.

The question before the Court is not whether the contractor had the right to enter plaintiff's property, or whether the defendant officers acted properly in permitting him access to plaintiff's home, but whether plaintiff's actions toward the defendant officers furnished probable cause for them to arrest her for her actions toward them.  The undisputed facts indicate that they did.

"A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act . . ."  N.Y. Penal Law § 195.05.  Defendants have testified that plaintiff ignored (and verbally refused) their commands to stay back while the contractor collected his belongings, and proceeded to strike Officer Marone.  Plaintiff denies having struck officer Marone, but does not dispute having intentionally disregarded the officers' directions by attempting to enter the house after being told to stay back, and physically interfering with their attempts to permit the contractor to collect his tools.  Plaintiff's admitted conduct furnished probable cause for an arrest on charges of obstruction of governmental administration.  *See Morcavage v. City of New York*, 689 F.3d 98, 110 (2d Cir. 2012) (unpublished opinion).  As such, I find that the undisputed facts establish that the defendants had probable cause to arrest the plaintiff on July 14, 2013.

Having found that plaintiff's arrest was supported by probable cause, I need not reach the issue of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Nevertheless, I also find that defendants are entitled to qualified immunity.

Qualified immunity shields public officials from an action for civil damages, to the extent that their challenged acts do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Specifically, the doctrine applies where it is "objectively reasonable" for an official to believe that his conduct did not violate such a right, in light of clearly established law and in the information possessed by the official. *See Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995); *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994). In determining whether defendants are entitled to qualified immunity, the Court must focus on "objective circumstances rather than an officer's subjective motivation." *Bradway v. Gonzales*, 26 F.3d 313, 319 (2d Cir. 1994).

With respect to claims of false arrest, an arresting officer is entitled to qualified immunity if: (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met. *See Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995); *Wachtler v. County of Herkimer*, 35 F.3d 77, 81 (2d Cir. 1994).

As noted above, the undisputed facts presented here establish that the plaintiff's arrest was grounded upon firsthand, eyewitness observations and interactions between the plaintiff and the defendant officers in which plaintiff refused to follow their directives, and I find that this evidence was sufficient to cause a reasonable officer to believe that probable cause existed to arrest plaintiff for obstructing governmental administration, and for resisting arrest.

6

Accordingly, plaintiff's claim of false arrest is dismissed.

## II.   Excessive Force and Failure to Protect

Plaintiff claims that she was subjected to excessive force in violation of the Eighth Amendment when Officer Marone "twisted" her arm forcefully behind her back and sprayed aerosol mace on her face and in her mouth during her arrest, and that Officer Reidy "assisted" Officer Marone in the excessive force, and/or failed to protect her from it. (Dkt. #4 at ¶21). She alleges in her Amended Complaint that as a result of her physical confrontation with the officers, she suffered "bruises, swelling and pain over her entire body," and continues to suffer from arm and shoulder pain, as well as embarrassment and humiliation. (Dkt. #4 at ¶¶23-25).

The standard for assessing an excessive force claim is "one of objective reasonableness," which "requires balancing the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests against the countervailing governmental interests at stake." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). Three considerations guide the Court's application of the standard: (1) the nature and severity of the crime precipitating the arrest; (2) whether the suspect poses an immediate threat to the safety of the officer or others; and (3) whether the suspect was actively resisting arrest and/or attempting to flee. *Id.*

Here, the crime for which plaintiff was placed under arrest (obstruction of governmental administration) was not a particularly serious one. However, multiple questions of fact preclude a thorough analysis of the remaining relevant factors – e.g., whether plaintiff posed a physical threat to the officers, whether she attempted to assault Officer Marone or simply tried to edge past him into the house, and whether plaintiff offered physical resistance (and if so, to what extent) when she was placed under arrest.

Plaintiff alleges injuries to her shoulder, and has offered, in her papers opposing the instant motion, medical records concerning a serious rotator cuff injury dating at least as far back as her confrontation with the defendant officers.   While the evidence plaintiff has submitted documenting her version of events is unsworn, and the medical records she has attached are unauthenticated (meaning that plaintiff has failed to offer proof "in admissible form"), in light of the "special solicitude" owed to pro se litigants, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), the Court has carefully considered the statements and documents submitted by plaintiff. *See Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009) ("the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions," despite plaintiff's failure to comply with the technical requirements concerning responses to summary judgment motions).

That evidence includes plaintiff's medical records (which document plaintiff's statements to treatment providers when she presented with complaints of shoulder pain immediately after her encounter with the defendant officers), plaintiff's handwritten, signed statements describing the altercation with the defendant officers (in which she denies resisting arrest and describes additional physical contacts by the defendant officers toward her, including being punched, kicked, choked and slammed to the ground), and evidence concerning the relative ages and sizes of the parties involved (plaintiff claims that at the time of the incident, she was 5 feet tall, 117 pounds and 54 years of age, while the defendant officers were significantly younger, bigger and/or stronger).   Upon a careful review of this evidence, I find that it is possible that a "reasonable jury, viewing the evidence in the light most favorable to the [p]laintiff, could conclude that the defendant[s'] actions were objectively unreasonable in light of clearly established law."   *O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003).   Where a plaintiff's

8

"allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that [law enforcement] officers used [excessive] force," summary judgment is improper even there the "evidence of injury [is] slight and the proof of excessive force [is] weak." *Young v. Fischer*, 2017 U.S. Dist. LEXIS 32267 at *46 (N.D.N.Y. 2017).

I further find that defendants have not demonstrated entitlement to qualified immunity on plaintiff's excessive force and failure to protect claims, since dismissal on the basis of qualified immunity is "inappropriate where there are facts in dispute that are material to a determination of reasonableness." *Tatum v. City of New York*, 2009 U.S. Dist. LEXIS 3512 at *33-*34 (S.D.N.Y. 2009) (citing *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999)).  While "[p]laintiff may have a steep hill to climb given the likely rapid succession of events that transpired," *Kimbrough v. Town of Dewitt Police Dep't*, 2010 U.S. Dist. LEXIS 96245 at *30 (N.D.N.Y. 2010), summary judgment on plaintiff's excessive force and failure to protect claims would be inappropriate at this juncture.

## III.   Municipal Liability

Although plaintiff's Amended Complaint (Dkt. #4) does not specifically allege any claims against the City of Rochester and/or Rochester Police Department, it names both as defendants.  Because neither the Amended Complaint nor the evidence submitted on the instant motion provide any basis for a finding of municipal liability, plaintiff's claims against the City of Rochester and Rochester Police Department are dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment (Dkt. #17) is granted in part and denied in part.  I find that plaintiff cannot establish a claim for false arrest, because the undisputed facts establish that the arresting defendants had probable cause to arrest

the plaintiff, and further that they are entitled to qualified immunity.  Plaintiff's false arrest claim is therefore dismissed.

I further find that plaintiff has failed to set forth any evidentiary basis for a finding of liability against the City of Rochester or the Rochester Police Department, and her claims against those defendants are dismissed in their entirety.

I find that plaintiff can raise a triable question of fact as to her excessive force and failure to protect claims asserted against the defendant officers, and therefore decline to dismiss those claims.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        March 29, 2017.