**MICHAEL JOS. WITMER**
**Attorney & Counselor at Law**
1 East Main Street, Suite 711
Rochester, New York 14614
(585) 305-8967

Facsimile: (585) 351-2442
Email: michaeljosephwitmer@gmail.com
(Not for Service)

June 3rd, 2018

Hon. Marian W. Payson
United States Magistrate Judge,
100 State Street,
Rochester, New York 14614
(p) (585) 613-4080

Via CM/ECF   Re:   Harmon v. City of Rochester et al.
                   6:14-cv-06562-MWP

Your Honor,

I am writing on the status of discovery in the above case. I reviewed the record to this point and spoke with Ms. Harmon about her understanding of where discovery is at this point. I have tried to reach out to Mr. Fernandez (Ms. Harmon's previous attorney) to also get a sense of where things stand.  I have spoken with Mr. Noone briefly as well and it appears that the matter cannot be settled at this point.

Having reviewed the 05/31/17 and 11/29/17 discovery demands as well as one proposed for 04/18/18 at my first appearance by Ms. Harmon, and which seems to reiterate the initial demands, it is my understanding that the following discovery demands have been made (compiled in relation to 05/31/17 and 11/29/17 and which Ms. Harmon now seeks in relation to 04/18/18). It is my further understanding that no discovery has been provided to Ms. Harmon to date:

<u>05/31/17 Demand</u>

Officer Reidy Disciplinary Records;

Officer Marone Disciplinary Records;

Addresses of the Officers;

All police reports in relation to the allegations;

Any statements made by either Ulysses Betances (the contractor) or his son (Jamie Betances) to police;

Rochester Police Manual, directives, regulations, rules, codes, institution of permanent policies or procedures etc. in relation to use of force;

the use of force while making an arrest (including The Professional Standards Section Manual, Mobile Field Force Manual;

<u>11/29/17 Demand</u>

Internal Affairs / Civilian Review Board, including documents made by Sargent John Drew (in relation to Officer Reidy);

Documentation evidencing the fact that Officer Reidy was either off-duty or had been terminated at the time of the incident;

<u>04/18/18 Demand</u>

Again, asking for disciplinary records for Officers Marone and Reidy:

Police Officer Performance Evaluation Forms, RPD 1265;

Report Exemplars, RPD 1382;

Field Training Officer Application, RPD 1330;

FTO Candidate Evaluation Form, RPD 1329;

Performance Support Forms, RPD 1357;

Personnel Orders in relation to Transfer/reassignment, promotion/demotion, hiring/suspension/dismissal/retirement, acting out-of-title designations, temporary assignments;

Training Orders or bulletins for in-service and specialized training or development school;

Special, Administrative, Division, Section or Unit Orders;

Information Updates;

Injury /Illness and Exposure Report, RPD 1250;

Physician's Report, RPD 1249;

Officer's Disability Report, RPD 1246;

Headquarters Ill / Injured Officer Notification Log, RPD 1325;

Any Compensation / Overtime Requests for Work done on the day in question, RPD 1256, 1258;

Requests for Trading Time or Time off / Military Leave or Absence, Transfer, RPD 1256, 1349;

Training / Instruction Waiver, RPD 1437;

Employee Suggestion Memorandum, RPD 1281;

Authorization for Release of Attendance Information;

Additional Employment Requests, RPD 1079;

Volunteer Application, RPD 1323;

Memorandum of Record / Counseling Memorandum on an Intra-Departmental Correspondence (IDC);

Any records in relation to Command Discipline Proceedings or Disciplinary hearings;

Command Discipline Violations and Report, RPD 1334;

Any Command Discipline Appeal Records;

RPD 1393, Remote Access Request;

Crime / Incident Scene Logs, RPD 1237;

Field Interview Forms (FIFs)

Investigative Case Logs, RPD 1438;

Evidence Technician Reports, addendum reports and photos with appendix, RPD 1201, 1201A;

Digital Image Pack Sheet, RPD 1350 with appendix;

RMS Incident Report, Victim Information Sheet, RPD 1189;

RMS Prisoner Data Report;

RPD Appearance Ticket, RPD 1302;

Release of Liability Form, RPD 1279;

Ride-Along Observer Badge and Comments Form, RPD 1278;

Post-Pursuit Form, RPD 1408;

Reports relating to the use of K-9's or the Canine Unit;

Lab Reports or requests for Lab Reports;

Teletypes either sent or received, RPD 1339;

RPD Defective Equipment Forms, RPD 1300;

RPD Request to Void Form, RPD 1318;

Records Information Request Log, RPD 1293;

RPD or Moris File Folder Maintenance Log, RPD, 1294;

List of Review Dates from Active case File;

Any records in the Unit Offense File;

Any Grand Jury Package or Grand Jury Referral Envelope, RPD 1412 or Grand Jury Referral, RPD 1186;

Any "out of custody case package";

Photo Arrays and Forms, RPD 1287;

RPD General Photo Query Forms, RPD 1284;

Cooperating Individual Working Agreement, RPD 1269 (redacted);

Authorization for Consensual Monitoring, RPD 1273 (redacted);

Application for Search Warrant;

Search Warrant;

Inventory of Property Taken;

Disposition of Seized Property;

Search Warrant / Dynamic Entry Checklist, RPD 1234;

Consent to Search Form, RPD 1353;

High Risk Search Warrant Criteria;

Victim's Rights Notices and Affirmation of Service;

Lineup Forms, RPD 1286;

Supporting Depositions / Witness statements, Voluntary Statement Forms, RPD 1184, 1184-S;

Any video or audio of the incident, including BWC;

Interrogation / Interview Forms, RPD 1187, Miranda Cards;

CAD reports, 911 or 311 calls;

Citizen / Civilian Complaints / Departmental Investigation / Civil Claim / Incident Review / Conciliation;

Personnel Complaint Form, RPD 1253;

Attorney General Complaint Forms;

PSS Drug / Alcohol Advisement Form, RPD 1342;

Subject Resistance Form, RPD 1377;

Firearm Discharge Report;

MV-104L, MV-104A, Police Line of Duty Accident Report Form;

Fleet Vehicle MVA, RPD 1230;

COR Operator Report of City Vehicle/Equipment Accident Form;

COR Supervisor's Equipment/Motor Vehicle Accident Report Form;

Property Clearance Form, RPD 1177 (specifically the return of property after the officer(s) left the department);

Police Reports more specifically set out to include but not be limited by the following:

Investigative Action Reports;

Property Custody Reports and Property Custody Report Addendums, RPD 1217, 1217-A;

Property Safe and Refrigerator Deposit / Removal Log, RPD 1425;

Property Transfer Receipt, RPD 1404;

Public Safety Laboratory Evidence Intake Form;

Monroe County Mental Hygiene Form, NYSOMH Form 474A/476A, 465, 485;

Memos;

Use of Force Reports;

Medical Reports;

Any reports relating to taking Ms. Harmon either to a hospital or psychiatric facility;

Reports of the use of weapons during Ms. Harmon's arrest;

Reports (and manual) about the use of chemical spray against Ms. Harmon;

Any police reports by RPD in relation to Ms. Harmon;

Departmental Hearing Board or Hearing Officer records in relation to Departmental charges heard in accordance with Civil Service Law and the current contract between the City of Rochester and the Locust Club;

       I would ask to be able to either receive the discovery from Mr. Noone or be able to file a motion to compel prior to trial. It is my further understanding that Ms. Harmon has provided everything she has to Mr. Noone as well that which has been filed and is already in the record.

       Following receipt of discovery we would be asking for a prompt trial date.

       Respectfully,

//s:   *Michael Jos. Witmer*
       Michael Jos. Witmer

CC:   Christopher Noone, Esq.,
       Corporation Counsel,
       City of Rochester

       Also Michelle Bradbury and Suzanne Sutera
       City of Rochester

       Via CM/ECF