UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PHYLLIS HARMON,

                  Plaintiff,

-vs-

CITY OF ROCHESTER, ROCHESTER POLICE
DEPARTMENT, OFFICER BRIAN MARONE,
OFFICER REIDY,

                  Defendants.

**DEFENDANTS'
MEMORANDUM OF LAW
Civil Action No. 14-cv-6562**

---

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the Plaintiff, Phyllis Harmon's motion to reopen discovery and to compel the Defendants, Officers Marone and Reidy, to respond to her late Discovery Demands and to illustrate that she has submitted no legally sufficient basis for same.

## STATEMENT OF FACTS

On September 25, 2014, Ms. Harmon commenced this suit seeking monetary recovery for physical injuries she claims she sustained during an arrest by Officers Marone and Reidy at her home on the morning of Sunday, July 14, 2013. She also named the City of Rochester and the Rochester Police Department as Defendants. At the same time she commenced this action, she made a motion for leave to proceed *in forma pauperis*. This Court (Hon. Richard J. Arcara, USDCJ) required that she submit an Amended Complaint which more clearly set forth her claims and causes of action, to enable him to make a reasoned decision on her motion. She filed and served an Amended Complaint on December 30, 2014, her motion was granted, the Defendants were thereafter served, and they timely filed and served their Answer, on March 23,

2015.

The Case was assigned to Judge Larimer, who in turn assigned non-dispositive matters, including discovery, to Magistrate Payson. A preliminary Scheduling Conference was convened on May 28, 2015, at which a Scheduling Order was crafted. It included a Rule 26, Preliminary Disclosure deadline, as well as an overall discovery deadline and a deadline for motions to compel.

Later in 2015, Defendants' counsel requested an extension of the deadlines contained in the Scheduling Order. That was granted at a Status Conference held on November 10, 2015. The Amended Order included an extended discovery deadline of February 29, 2016 and a deadline for motions to compel of January 31, 2016. Prior to that conference, the Defendants served their Rule 26 Mandatory Disclosure, with attachments. Ms. Harmon was *pro se* at the time of both conferences, attended both, participated in them, and clearly understood what was being ordered, why and by when.

Ms. Harmon failed to provide her mandatory Rule 26 Disclosure. From time to time, she appeared in the City's Law Department, brought some documents, which were subject to the Mandatory Disclosure requirement and showed them to counsel, but refused to permit him to retain them or to make copies. The Defendants did not serve formal Discovery Demands, as that seemed futile, given Ms. Harmon's behavior and the resistance encountered in attempting to obtain copies of what she brought with her. That was a strategic decision on her part.

The Defendants requested an extension of the dispositive motion deadline in the Amended Scheduling Order, which was granted. They filed and served their motion prior to same and in its Decision and Order, dated March 29, 2017, this Court (Judge

Larimer) granted summary judgment to the City and RPD, dismissing all claims and causes of action as against them, and granted partial summary judgment to Officers Marone and Reidy, dismissing all claims and causes of action as against them, except for the claim that they used excessive force in arresting Ms. Harmon and that each failed to intervene. The only other requests made to this Court prior to issuance of the Decision and Order were Ms. Harmon's requests to extend the deadline for her submission of opposing papers. No requests to extend either the discovery deadline, or the deadline for motions to compel, were requested.

In opposition to the Defendants' motion, Ms. Harmon attached to her papers some excerpts of medical records of health care providers she had seen, which were incomplete and which were not previously provided. These were of the type she was obligated to produce, pursuant to Rule 26. On May 31, 2017, two months after summary judgment was granted to the City and RPD and partial summary judgment was granted to the Officers, Ms. Harmon, who had been *pro se* from the beginning of this suit, submitted a letter Demand/Motion to Judge Larimer seeking various items of discovery. She also moved for appointment of counsel. No explanation or justification was provided for the timing of her Demand/Motion, which was served 15 months after the extended discovery deadline. Further, though she was *pro se*, she was able to frame Demands, citing the various Discovery Provisions of the FRCP. She clearly knew what she was targeting and it is clear that she knew or should have known this prior to the close of discovery. Yet, she waited, without explanation or justification. Also, she did not move then to extend the deadline for discovery or for motions to compel.

The Officers' counsel objected to the Demands, based upon untimeliness, as

well as to their confusing nature and to their being overly burdensome. He also objected to the motion for assignment of counsel, specifically objecting to that providing a basis for reopening discovery.

After some fits and starts, Ms. Harmon finally submitted enough information upon which Judge Larimer could base a decision on her motion for assignment of counsel and he determined to grant it. Assigned counsel appeared in late September, 2017. They moved to withdraw, however, approximately two months later, apparently citing a fundamental disagreement with Ms. Harmon regarding the strength and value of her remaining claims. They moved to withdraw on November 30, 2017. On the day before they moved, Ms. Harmon submitted another letter/motion to compel. She therein requested that the demands contained in her letter of May 31, 2017 be enforced and she moved to reopen discovery and to extend the deadline to permit same. That motion was served 21 months after the extended discovery deadline passed and 22 months after the extended deadline for motions to compel expired. She again offered no explanation or legally sufficient justification and, as before, she failed to indicate that she had consulted in good faith with the Officers' counsel to try to resolve the issues without Court intervention.

Owing to accusations made against the Officers' original counsel and to the falling-out with her assigned attorneys, the trial of this matter, which would have occurred in late 2017 or early 2018, did not occur. She eventually obtained new counsel, the first of whom, Michael Joseph Witmer, appeared on April 11, 2018, in anticipation of a Status Conference scheduled for April 18. The second, Elliot Dolby-Shields, appeared on June 18, 2018, the day before the deadline for submission of the

instant motion to compel. In the Status Conference of June 5, 2018, at which that motion was discussed, this Court (Magistrate Payson) was clear in her directive that because the previous letter Demands/Motions appeared to include extraneous matter not bearing directly on discovery and which appeared more related to trial, counsel was to clearly delineate and segregate what issues were properly the subject of the motion and what were not. The subject motion papers fail to do that. Further, they include factual misstatements and citations to case law which has no applicability to the motion, and no explanation or justification is offered for the protracted delay in moving to compel. As is more fully set forth below, for those reasons, the motion must be denied.

## ARGUMENT

### MS. HARMON HAS FAILED TO PROVIDE ANY LEGALLY SUFFICIENT EXPLANATION OR JUSTIFICATION FOR THIS COURT TO GRANT HER MOTION TO REOPEN DISCOVERY AND TO COMPEL THE REMAINING DEFENDANTS TO RESPOND TO HER GREATLY BELATED DEMANDS, SO THE MOTION SHOULD BE DENIED.

It is clear from Mr. Shields' Declaration and his Memorandum of Law that Magistrate Payson's directives to Mr. Witmer at the June 5, 2018 conference were not communicated to him and that the content of both is based upon no more than phone conversations with Ms. Harmon, with the Defendant Officers' current attorney, perhaps with Mr. Witmer, and upon documents he supplied to Mr. Shields, whatever they may be—they are not identified. He clearly misstates the applicable law and facts.

None of the Demands Ms. Harmon and, now, Mr. Shields seek to enforce were timely-served within the extended discovery deadline. The May 31, 2017 letter was 15

months late, the November 29, 2017 letter was 22 months late, and the five additional pages of demands Mr. Witmer included in his June 3, 2018 letter were 27 months late. Each was objected to on that basis shortly after each was served. Mr. Shields need not have surmised what the Defendants' position would be, it is stated in their counsel's letter of June 5, 2018—they object to each as untimely.

Contrary to Mr. Shields' contention, the Defendants are not arguing that their Rule 26 disclosure obligations and Ms. Harmon's were reciprocal, or that any discovery obligations were. Mr. Shields at first appears to argue that the Defendants did not serve mandatory Rule 26 disclosure, but then appears to concede that they did in footnote 3 to his Declaration, though he claims, without explanation, that that disclosure was somehow "insufficient." The Rule 26 Disclosure obligations are not dependent upon demands made by the parties to a civil law suit. Rather, they are imposed by Rule 26 as a threshold matter. The Defendants provided theirs by the deadline imposed in the original Scheduling Order, but Ms. Harmon has not provided hers.

Further, the Defendants did not serve discovery demands on Ms. Harmon because of the great difficulty that their attorney encountered when attempting to obtain any of the documents, records, or other material, Ms. Harmon brought to him, but would not let him keep or copy, and which she was obligated to provide by Rule 26. Serving demands thus appeared futile. The Defendants were thus not waiting for her to respond to any such demands before responding to hers. Plainly and simply, none of her demands were timely-served and there was thus no obligation to respond.

As the result of a 1993 amendment to FRCP 37(c)(1), failure to provide the disclosure required by Rule 26(a) and (e)(1), results in the self-executing sanction of

preclusion:

> "Rule 37(c)(1) of the Federal Rules of Civil Procedure ... provides that (1) a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed. ... As the Advisory Committee's note explains, this rule provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without the need for a motion []".
>
> ***
>
> "Despite this rule's seemingly harsh mandate, courts have held that imposition of sanctions under Rule 37 is a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure. ... Such decisions conform to the Advisory Committee's note which explains that limiting the automatic sanction to violations without substantial justification, coupled with the exception for violations that are harmless, is needed to avoid unduly harsh penalties in a variety of situations" (New York v Almy Brothers, 1998 U.S. Dist LEXIS 1280 at *25-26 [N.D.N.Y. 1998], citations and internal quotations omitted, but citing Hinton v Patnaud, 162 F.R.D. 435, 439 [N.D.N.Y. 1995], Sterling v Interlake Industries, Inc., 154 F.R.D. 579 [E.D.N.Y. 1994], and Burks v Eagan Real Estate, Inc. 742 F. Supp. 49 [N.D.N.Y. 1990]). (See also, McNerney v Archer Daniels Midland Co., 164 F.R.D. 584, 586-587 [W.D.N.Y. 1995]).

Ms. Harmon makes the bald, unsubstantiated hearsay claim, through Mr. Shields, that she complied with Rule 26. She did not. She has never disclosed her potential trial witnesses, or specifically identified the health care providers who treated her for her alleged injuries, nor has she provided the other information, documents, or records mandated by Rule 26. Her Mediation Statement, to which Mr. Shields makes reference and adopts as her Rule 26 Disclosure (at paragraph 3 of the Argument

portion of his Memorandum—Dkt #59-3, p. 2 of 6), cannot satisfy those requirements, as it contains none of the mandated information. Nor could she meet her obligation by attaching medical records and other such information to her papers opposing the Defendants' summary judgment motion. Simply put, if her failure to provide such disclosure prior to a motion precludes her from using any such evidence or witnesses on a motion, it follows logically that she could not meet her Disclosure requirement by attaching material to motion or opposing papers.

Further, she offers no justification at all, much less any substantial justification, for failure to comply with Rule 26. The Defendants' submissions in opposition to the pending motion, most significantly Mr. Ash's Declaration, establish that her failure to meet her obligations was calculated and represented flagrant bad faith and callous disregard of the FRCP. Mr. Shield's Declaration and Memorandum establish that this was not "harmless."

As he avers, in his estimation, the Defendants are in no position to be able to try this case because of the lack of information supplied to them. Apparently, the pending motion seeks, in part, some relief for the Defendants so that they will be properly supplied with information. It is not his province to make such a request, nor is it necessary, given the aforecited law, which results in the self-executing sanction of preclusion, given Ms. Harmon's recalcitrance.

Beyond this, Ms. Harmon and Mr. Shields have failed to afford this Court with any proper basis for granting the motion to reopen discovery and to compel. It is undisputed that Mr. Harmon served no Demands prior to the expiration of the discovery deadline. All are a year to two years late and are only the result of the Defendants, City

and RPD, being dismissed from this case and the claims against the Officers being pared down to excessive use of force and failure to intervene. It is further indisputable that Ms. Harmon did not move to extend the deadline for motions to compel, or even make a motion to compel, until nearly two years after the extended deadlines contained in the Amended Scheduling Order expired. She offered no explanation whatsoever for her delays then and offers none now.

This Court has repeatedly denied motions to compel under these circumstances (Costa v Sears Home Improvement Prods., 65 F. Supp.3d 333, 357-358 [W.D.N.Y. 2014] (J. Wolford)—"Plaintiff did not request an extension of the discovery deadlines and did not file the instant motion to compel until [after the deadline passed]. Plaintiff should have timely requested an extension of the discovery deadline to hash out these arguments concerning the production of these documents **well in advance** of the deadline to file a motion to compel discovery. Because Plaintiff's motion to compel is untimely, Plaintiff's motion to compel is denied"—emphasis supplied, citing Owen v No Parking Today, Inc. 280 F.R.D. 106, 113 [S.D.N.Y. 2011]); Funderburke v Canfield, 2014 U.S. Dist. LEXIS 158061, at *1-3 [W.D.N.Y. 2014] (Magistrate Payson)—Plaintiff's motion to compel was denied as procedurally defective because it was untimely, without explanation and without seeking permission to extend deadline, and because Plaintiff failed to demonstrate that he conferred in good faith with defense counsel to resolve issues; De Magalhaes v Rochester Inst. of Tech., 2017 U.S. Dist. LEXIS 190979, at *2-5 [W.D.N.Y. 2017] (Magistrate Feldman); and Brozyna v Niagara Gorge Jetboating, Ltd., 2011 U.S. Dist. LEXIS 33645, at *4-5 [W.D.N.Y. 2011] (Magistrate McCarthy). (And see, Slomiak v Bear Stearns & Co., 1985 U.S. Dist. LEXIS 21860, at *1-2

[W.D.N.Y. 1985]).

Further, where a party offers no excuse for making a late motion to compel, her prior knowledge of what information to seek is an additional basis for denying her motion (Brozyna, *supra*, at *4-5, Slomiak, *supra*, at *1, and Four M. Corp. v Guliano, 1991 U.S. Dist. LEXIS 3656, at *1-2 [S.D.N.Y. 1991]). Again, on May 31, 2017, while she was pro se, Ms. Harmon was able to formulate Demands, including citations to the various Discovery Rules in the FRCP. She clearly had some sense of what discovery she thought she might need prior to that date, and apparently was so aware from the inception of this suit. Her unexplained delay and her failure to address this is fatal to her motion.

None of the cases cited in her Memorandum are apposite to this case and the arguments on which they are based are thus meritless. The claim that the remaining Defendants waived all objections to Ms. Harmon's Demands ignores the fact that none of them were timely served. If, according to the aforecited precedent, the Defendants could not be compelled to answer them because they were untimely, then the notion that they waived any objections is absurd. The cases cited as support for the proposition that objections were waived (on the second and third pages of Ms. Harmon's Memorandum—Dkt #59-3, pp. 3 and 4 of 6), concern timely-served Demands and motions to compel Responses. Not a single case indicates that any of the Demands were served beyond the discovery deadline (Davis v Fendler, 650 F.2d 1154, 1160 [9th Cir. 1981], Peat Marwick, Mitchell & Co. v West, 748 F.2d 540 [10th Cir. 1984], Davis v Romey, 53 F.R.D. 247 [E.D.Pa. 1971], Dew v 39th Street Realty, 2001 U.S. Dist. LEXIS 4631 [S.D.N.Y. 2001], Burda Media, Inc. v Blumenberg, 1999 U.S.

Dist. LEXIS 9240 [S.D.N.Y. 1999] and Smith v Conway Organization, Inc., 154 F.R.D. 73 [S.D.N.Y. 1994]). Mohasco Corp. v Silver, 447 U.S. 807 [1980], cited on page 2 of the Memorandum, does not even concern discovery. It concerns the late filing of an EEOC document by a discharged employee beyond the deadline. The quote attributed to the Supreme Court about what "experience teaches," has no applicability to the pending motion.

The allegation on page 4 of the Memorandum concerning the breadth of discovery under Rule 26(d)(1) regarding all non-privileged material, and the cite to Mallinckrodt Chemical Works v Goldman, Sachs & Co., 58 F.R.D. 348 [1973], as well as to the cite to Burda Media, Inc. (*supra*), are amiss and also inapplicable. Their holdings were abrogated by a 2001 change to FRCP 26, as is noted in Johnson v Matthey, Inc. v Research Corp., 2002 U.S. Dist. LEXIS 18802, at *6-7 [S.D.N.Y. 2002]). Rivera v Fisher, 2013 U.S. Dist. LEXIS 109732 [W.D.N.Y. 2013], cited at paragraph 4 of the Memorandum, is also inapposite, as that case concerns a Rule 41(b) motion to dismiss for failure to prosecute, not a discovery motion.

The allegation that concludes the Memorandum (at page 4) and the citation to Copeland v Rosen, 38 F. Supp.2d 298 [S.D.N.Y. 1999] is also impertinent. That case concerned a pro bono attorney who began representing a pro se plaintiff following commencement of suit and a duty to review the original complaint to cure deficiencies or to elaborate on allegations where appropriate, which is accomplished by formal amendment. As the Court noted:

> "The pro se complaint does not give counsel carte blanche to attempt informally to imply new causes of action or additional allegations regarding existing claims, nor does it provide a meritorious excuse for

excessive delays in making formal revisions (Id. at 303).

Messrs. Shields and Witmer stepped into this case three years after it was commenced and they followed assigned counsel, who found it necessary to move to withdraw, based on differences with Ms. Harmon. Their representation began more than a year after the grant of partial summary judgment, which eliminated all causes of action except for excessive use of force and failure to intervene and narrowed the Defendants to the two Officers. Messers. Shields and Witmer have not and could not seek to amend the Complaint. Even the implicit claim that the Copeland case obligates, or even permits, new counsel an opportunity to reopen discovery, notwithstanding his client's actions in frustrating it and without explanation or justification, is wrong.

In sum, Ms. Harmon's current motion is untimely, as was her November 29, 2017 letter/motion and no legally sufficient justification or explanation has been offered. The Defendants did not ignore any timely served Demands. The Demands served between a year and two years after discovery closed were a nullity and there was no obligation to respond. So, no objections were waived. The content of the pending motion papers is inaccurate and disingenuous. It is thus respectfully submitted that this Court should and must deny the motion in all respects.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should deny in all respects Ms. Harmon's motion to reopen discovery and to compel the remaining Defendants to respond to her greatly belated demands.

DATED: July 10, 2018
       Rochester, New York

Respectfully submitted,

BRIAN F. CURRAN, Corporation Counsel


BY: s/Christopher S. Noone
   CHRISTOPHER S. NOONE, Esq., of Counsel
Attorneys for Defendants
30 Church Street, Room 400A City Hall
Rochester, New York 14614
Telephone: (585) 428-6753
chris.noone@cityofrochester.gov